179    553
25 SC ²471

## City of Pittsburg v. Ada P. Maxwell, Appellant.

[Marked to be reported.]

*Road law—Assessments—Appeals—Municipal liens.*

An owner of six lots on the same street in a city, assessed for the cost of the same improvements, cannot by appealing from the assessment as to four of them suspend the city's proceeding to collect the assessments on the two not appealed from until the event of the appeal: Pennsylvania Steel Co.'s Appeal, 161 Pa. 571, distinguished.

*Judgment—Review—Practice, S. C.—Road law.*

A judgment is not to be reversed at random, or for suspicion of error. Where it may be erroneous or not, according to the existence of circumstances which do not appear, every intendment of fact is to be made in support of it.

Six lots owned by the same person were assessed for benefits, and the report of the viewers was confirmed nisi. The owner appealed from the assessment and demanded a jury trial. The city subsequently filed a lien against two of the lots. On a rule to show cause why the lien should not be stricken off as premature, the city averred that no appeal was taken from the assessment against the two lots against which liens were filed. The court discharged the rule without giving any reasons for the order. The owner, who is the appellant, nowhere states, either in the history of the case or the argument, that the appeal was as to all the lots. *Held*, that the Supreme Court would assume under the circumstances that the grounds of the order were that the court below found as a fact from the record that no appeal was taken as to the two lots against which liens were filed, and therefore the order discharging the rule should be affirmed.

Argued Nov. 6, 1896. Appeal, No. 180, Oct. T., 1896, by defendant, from order of C. P. No. 3, Allegheny Co., Aug. T., 1896, M. L. D., discharging rule to show cause why municipal lien should not be stricken from the record. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to show cause why municipal lien should not be stricken off.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order discharging rule to strike off municipal liens.

*Chas. A. O'Brien*, for appellant.—This case is ruled by Pennsylvania Steel Co.'s App., 161 Pa. 571.

*Thomas D. Carnahan*, with him *Clarence Burleigh*, for appellee.

OPINION BY MR. JUSTICE DEAN, January 4, 1897:

The appellant is the owner of six separate and distinct lots of ground fronting on O'Hara street in the city of Pittsburg. The city, by proper ordinances, graded, paved and curbed the street under act of 1891, then had viewers appointed to assess

damages and benefits. Assessments were made against Mrs. Maxwell of benefits; of what amount, or on what particular lot or lots of those she owned, nowhere appears from the assessment itself, in either of these paper-books; the report of viewers is not printed, nor even abstracts from it, which would give us the required information in so important a particular; it does appear, that the report was confirmed nisi on September 26, 1895. But Mrs. Maxwell appealed from the assessment made by the viewers, and demanded a jury trial. The appeal and decree thereon are not printed; whether she appealed from assessment of damages and benefits on any particular lot or lots, we do not know from the appeal itself. On June 2, 1896, the city filed a lien, claiming the sum of $1,825, with interest, against all that certain lot of ground beginning on east side of O'Hara street at the corner of Elmer street, thence along said O'Hara street 201.71 feet to the corner of Holden street, and thence extending back 153.12 feet to an alley. The claim, as expressed in the lien, is for "grading, paving and curbing O'Hara street from Fifth avenue to Pennsylvania railroad, which was assessed against the property by report of viewers confirmed absolutely January 2, 1896."

On the 24th of July, 1896, Mrs. Maxwell presented her petition to the court, praying that the lien be stricken from the record, on the grounds that on April 21, 1896, the confirmation absolute had been vacated, because of her pending appeal, and therefore as to her, the filing of a lien was premature; that the city must await the event of her appeal. Thereupon, the court granted a rule on the city to show cause why the lien should not be stricken off. To this the city made answer that by an inspection of the record of the appeal it appeared that Mrs. Maxwell appealed only as to two certain lots of her property, 641 and 645, fronting 65 feet on O'Hara street, and extending back 100 feet, upon each of which was erected a two-story dwelling house; that petitioner now sought to have the order vacating the confirmation apply to all her property, those lots as to which the assessment was not appealed from, as well as to those that were. After hearing the court on September 15, 1896, discharged petitioner's rule, filing no opinion. The effect of the decree is to leave petitioner's property, lots 641 and 645, subject to the municipal lien. From this decree she appeals.

We are left in the dark as to the reasons for the decree. The court probably found as a fact, from the record, that the appeal and demand for jury trial were as to some other of the six lots than the two against which the lien is filed. We think this probable, because appellant nowhere states, either in his history of the case or argument, that the appeal and demand for jury trial were as to the assessments made against all the lots, while the city distinctly avers in its answer to the rule that no appeal was taken from the assessment against these two. But "a judgment is not to be reversed at random or for suspicion of error. Where it may be erroneous or not, according to the existence of circumstances which do not appear, every intendment of fact is to be made in support of it:" Gram's Appeal, 4 W. 44. On the assumption then that the grounds of the decree were that no appeal was taken as to these two lots, the question raised is whether the owner of six lots on same street, assessed for the cost of the same improvements, can by appealing from the assessment as to four of them, suspend the city's proceeding to collect the assessments on the two not appealed from until the event of the appeal.

Appellant argues that must be the necessary consequence, and for this view is cited Pa. Steel Co's Appeal, 161 Pa. 571. But that case is not in point. There the court of common pleas appointed viewers to assess damages for the opening of a street, who filed their report awarding the steel company $3,550 for land taken. When the report of the viewers was filed, the steel company filed exceptions, and also on the same day took an appeal to the court for a jury trial. As to the exceptions the court below ruled they all raised questions of fact to be determined by a jury and overruled all but one. Treating this as a final decree, the company appealed to this court and made application to Justice Thompson in vacation for an order suspending proceedings while the appeal was pending; it was ordered that all proceedings be stayed until this court had passed on the appeal from the decree overruling the exceptions. Thereupon the borough of Harrisburg moved in this court to quash the appeal of the steel company and set aside the order of Justice Thompson, on the ground that the decree overruling the exceptions was not final, therefore no appeal lay from it. This court, the present Chief Justice rendering the opinion, held the

decree was not final, and the appeal therefrom was premature; that there could be no final decree until after the verdict on the appeal by the steel company to the court of common pleas from the assessment by the viewers.   In the course of the opinion the Chief Justice says: " That appeal is still pending and undetermined in the court below.   It involves, among other things, the determination by jury trial of the amount of damages to which the steel company is entitled for property taken, injured or destroyed.   Unless the proceeding should prove to be so fatally defective as to require dismissal without consideration of the case on its merits, there cannot, in the nature of things, be a final decree in the case until the question of damages is settled by the verdict of a jury."

Appellant's counsel relies on this language to sustain his present appeal; as will be seen from the facts, it does not touch his case.   The land taken from the steel company was in one tract, and damages awarded in the lump for the land taken. Of course there could not " in the nature of things " as stated by the Chief Justice, be a final decree until the verdict of the jury on the appeal determined as a question of fact the amount of damages.   But the appeal as to four of these lots in no way affects the benefits assessed against the two unappealed from; whatever may be the event of the appeal the amount of benefits assessed against the two is not diminished.   The only possible effect is that if in her appeal as to the other lots, she is successful in largely diminishing the assessments against them, her ability to pay the lien on the two will be increased.   That is a contingency which can have no place in our determination of this contention.   The decree of the court below is affirmed and the appeal dismissed.