## Commonwealth v. Haaf

355

*Roy A. Reabuck*, for Commonwealth.
*Richard W. Shaffer*, for owners.

SCHEIRER, J., November 17, 1964.—We are here concerned with exceptions to the report and award of viewers on the question of detention damages.

On August 16, 1957, the Governor of the Commonwealth of Pennsylvania approved the condemnation of property of Charles J. Haaf and Eva L. Haaf for the construction of Legislative Route 443, commonly known as Route 22. Upon petition of the Commonwealth, viewers were appointed who viewed the premises and conducted hearings. Their report was filed December 17, 1963.

Twenty-nine Thousand Five Hundred Dollars was awarded in compensatory damages and $6,000 for delay in payment. Conclusion of Law no. 8 in the report was that "Charles J. Haaf and Eva L. Haaf are entitled to damages for delay in payment," and it should be observed that the period of time for which such payment is awarded is not indicated. The Commonwealth filed exceptions, the first of which was to the effect that the viewers erred in awarding $6,000 in detention damages "for the reason that the petitioners forfeited their right to detention damages by making unreasonable, exorbitant and excessive demands upon the Commonwealth for land damages". Reference was

then had to the offers of the Commonwealth and the demand of the owners. The second exception which dealt with the alleged excessiveness of the award of $29,500 was abandoned.

The owners' exception was that,

"The Board of View, after expressly finding that Charles J. Haaf and Eva L. Haaf were entitled to damages for delay in payment, failed to calculate said detention damages correctly and awarded to the said property owners the sum of Six Thousand ($6,-000.00) Dollars, whereas the correct damages for delay in payment to which the property owners were entitled were in the total sum of Eleven Thousand Two Hundred Ten ($11,210.00) Dollars."

The Commonwealth in its exception and in its brief refers to an offer made by the Commonwealth to the owners on October 7, 1959, in the amount of $20,000 and to another offer made on December 15, 1960, in the amount of $26,500, both of which were rejected. In its brief, the Commonwealth reviews the testimony of two witnesses testifying for the owners that the damages totalled $66,400 in the opinion of one and $64,550 in the opinion of the other. The owners did not testify.

The owners contend that they are entitled to detention damages computed as interest on the viewers' award at the rate of six percent per annum for the period of the detention in the absence of evidence of the ordinary commercial rate applicable during that period. Their position stems from an inference that the holding in Waugh v. Commonwealth, 394 Pa. 166, 146 A. 2d 297, in turn giving approval to language in Whitcomb v. City of Philadelphia, 264 Pa. 277, 107 Atl. 765, that an instruction to a jury was proper that if it finds an owner entitled to detention damages and there is no evidence as to the ordinary commercial rate during the detention period, the jury was to presume

such rate to be six percent, as well applied to the viewers in this case since a finding was made that the owners were entitled to detention damages. What the owners are actually asking is that the court should adjust upward the detention damages from $6,000 to $11,210 on the ground that the viewers erred in the calculation. They are assuming that they are entitled to such damages from August 16, 1957, the date of appropriation, to the "final adjustment" December 17, 1963, the date of filing of the award.

The owner is prima facie entitled to damages for delay in payment of his compensation between the time of taking and the final adjustment of the damages. The condemning body has the burden of proving circumstances which may bar or reduce the amount of the damages for delay, and unless it overcomes the presumption in the owners' favor, the owner may recover the full amount to which he is entitled. The effect of the presumption is overcome by proof that the owner has himself caused the delay by his stubborn refusal to negotiate or his excessive and exorbitant demands for compensation or by hindering the negotiations by capricious conditions. Also, the owners' right to damages for delay may be reduced or barred where he has remained in possession of the property after the appropriation or has received the rents and income thereafter. It will be seen that the fact-finding body has the right to allow, bar or reduce the amount of the damages depending upon the proof submitted. See 14 Stand. Pa. Practice, Eminent Domain Proceedings, §§227, 228.

We think the owners fall into error in their major premise, i.e., that because the viewers have concluded that the owners were entitled to detention damages that it a fortiori follows that they meant that they were to be allowed for a period from August 16, 1957, to December 17, 1963. If this were a correct premise,

the applicability of a six percent rate of interest on the basic award might have some merit. But viewers are fact finders and what evidence was presented to them and either accepted or rejected, we cannot know without invading their sole province. The request of the owners flies in the face of principles marking the difference between exceptions to a viewers' report and an appeal therefrom.

"Any defect or irregularity in the viewers' report or in the proceeding before the viewers is to be raised upon exceptions, for a question of law is then involved": Chester Municipal Authority v. Delp, 371 Pa. 600, 92 A. 2d 169. The rule was stated in Allentown's Appeal, 121 Pa. Superior Ct. 352, 356, 183 Atl. 360, 361, as follows:

". . . 'Speaking generally, it may be said, upon the authority of Lower Chichester Township v. Roberts, 308 Pa. 195, 162 A. 460, that questions of procedure and other questions of law which should be disposed of preliminarily by a court are properly raised by exceptions, but such issues of fact as the proximate cause of injuries and their extent are for a jury. When questions of fact which should go to a jury are attempted to be raised by exceptions, the court may properly relegate them to the triers of fact for disposition at the trial upon the appeal.' . . ."

Exceptions unlike appeals are limited to procedural matters or questions of law basic to the inquiry: Lakewood Memorial Gardens Appeal, 381 Pa. 46, 51, 112 A. 2d 135, 138.

The court to which the viewers make report has no power, on the hearing of exceptions, to set aside a viewers' report on the ground of the inadequacy or excessiveness of the award, unless there has been misconduct of the viewers. See 14 Stand. Pa. Prac. §138.

When the viewers awarded detention damages in the sum of $6,000 rather than a higher sum, they may

well have considered evidence which excused the delay in payment. They may conceivably have considered improper or incompetent evidence. But, in general, the testimony heard is not part of the record and may not be considered by the court in passing upon exceptions to the report. Even the admission of incompetent, irrelevant and immaterial testimony before the viewers is not ground for exception to the report.

The owners' exception assumes an error in calculation by the viewers. This is not a logical conclusion for the simple finding of an allowance of detention damages does not purport an allowance of the maximum that would result by an application of six percent interest to the basic award of $29,500. Presumably, the viewers based the $6,000 award on evidence submitted to them and we cannot supplant our judgment for theirs on the owners' exception.

The Commonwealth's exception goes to the propriety of any allowance at all of detention damages and bases its argument on the testimony offered at the viewers' hearings, the effect of which, it is suggested, proves that the owners forfeited their right to detention damages. For the reasons inherent in the principles hereinbefore stated, that questions of fact are not the subject of exceptions nor is the inadequacy or excessiveness of an award, its exceptions must be dismissed.

The questions presented by both parties are essentially factual, or at best, in the case of the owners, a mixed question of law and fact, and are more properly the subject of an appeal. We shall borrow a phrase of our former associate, President Judge Henninger, which he utilized in Zenz Petition, 9 D. & C. 2d 686, 690. In our opinion the question of the owners' right to detention damages is "so inextricably tied up" with a question of fact that the exceptions of the Commonwealth and of the owners should be dismissed and the

matter decided upon an appeal from the viewers' report.

Now, November 17, 1964, the exceptions of the Commonwealth of Pennsylvania and of Charles J. Haaf and Eva L. Haaf are dismissed and the report of the viewers is confirmed absolutely.