## Second Street.    Pennsylvania Steel Co.'s Appeal.

*Road law—Appeals—Exceptions—Final decree—Act of May 16, 1891— Supersedeas.*

An order overruling exceptions to the report of a jury of view to open a street under the act of May 16, 1891, P. L. 71, is not a final decree, pending an appeal by the same parties from the report of the viewers. An appeal from such an order will be quashed by the Supreme Court.

Where an order has been made by a judge of the Supreme Court declaring such an appeal a supersedeas, the quashing of the appeal will render the order inoperative.

Argued Feb. 10, 1894.    Appeal, No. 3, May T., 1894, from order of C. P. Dauphin Co., March T., 1893, No. 239, overruling exceptions to report of road jury in the matter of opening Second street in borough of Steelton. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Appeal quashed.

Motion to quash appeal.

The borough of Steelton filed a petition in the Supreme Court which averred : " That on Dec. 7, 1892, the said borough of Steelton by its council passed an ordinance providing for the opening of Second street in said borough, from its present terminus near Pine street, to Adams street.

" That on Feb. 20, 1893, the court of common pleas of Dauphin county appointed viewers to view and assess damages and benefits accruing from the opening of said street.

" That on April 27, 1893, said viewers filed their report in said court, in which they assessed damages in the sum of $3,550 in favor of the Pennsylvania Steel Company, part of whose lands were intended to be taken by the opening of said street.

161  571
d179 556

161  571
f198 598

161    571
206   ¹528

161    571
35 SC ¹ 68

" That on May 27, 1893, exceptions were filed to said report of said viewers by the receivers, who had in the meantime been appointed, of the Pennsylvania Steel Company, and on the same day, viz., May 27, 1893, the said receivers also took an appeal to said court from the report and findings of the viewers.

" That said exceptions were eight in number, and, after hearing and argument, an opinion was filed by SIMONTON, P. J., July 5, 1893, in which as to the first exception he said : ' The first exception raises a question of fact, which must be settled, if at all, by an appeal and trial by jury.' And as to the others he said : ' The exceptions from two to eight, inclusive, are overruled without prejudice to an appeal by the exceptants, if taken within the time prescribed by law, on the question of the amount of damages,' which appeal had already been taken, as aforesaid.

" That on July 20, 1893, the said receivers of the said Pennsylvania Steel Company appealed, from the said action of said court of common pleas of Dauphin county overruling the said exceptions, to the Supreme Court.

" That subsequently, July 22, 1893, said receivers presented a petition to the Honorable Samuel G. Thompson, a Justice of this Court, praying that an order might issue declaring said appeal to be a supersedeas of the proceedings in the court of common pleas of Dauphin county, and staying all proceedings therein ' during the pendency of said appeal, or until said appellate court otherwise orders,' and that thereupon said justice, on July 25, 1893, granted the following order :

" ' Now, to wit, July 25, 1893, it is ordered that the appeal in the above is a supersedeas, and that until the record is remanded to said court of common pleas, no further action be taken by said court relating to said matter.'

" Your petitioner further represents that, at the time said appeal to this court was taken, the said appeal from the report and findings of said viewers to the court of common pleas of Dauphin county was still pending and undetermined in said court, and that the same is now still pending and undetermined, and that said decree of said court of common pleas, overruling the said exceptions filed by the receivers of the Pennsylvania Steel Company to the report of said viewers, was, as your petitioner is advised and this court has frequently determined (see Hall's Appeal, 56 Pa. 238, and Macrum v. Jones, 11 Atl. R.

317; s. c., 10 Cent. R. 280,) not a final judgment or decree, and that therefore said appeal was prematurely taken and should be quashed.

"Your petitioner further represents that by reason of said order granting a stay of all proceedings in the court of common pleas of Dauphin county, the appeal from the assessment of damages aforesaid has not been tried and cannot be tried until said order of stay shall be vacated or the cause be heard and the record remanded by your Honorable Court to the court of common pleas of Dauphin county.

" Your petitioner therefore prays the court: (1) That said order, granted as aforesaid, declaring said appeal to be a supersedeas and staying proceedings in the court below, be vacated; (2) that said appeal be quashed; (3) that this motion, or if preferred by the court, the appeal also, may be put down for hearing at the present term at the earliest date compatible with the convenience of the court."

The receivers of the Pennsylvania Steel Company filed an answer to the petition in which they averred in substance that the order from which the appeal was taken was a final order; " that the said proceedings were commenced pursuant to a bargain and promise of an electric street railway company, which is believed to be against public policy, and which rendered invalid as well the report of viewers as the proceedings had in the matter; that the matter was proceeded in from its commencement at the instance and for the benefit of a private party ; that the court of common pleas refused the approval of the said bond if said appeal was and operated in the nature of a supersedeas, which was so adjudged by a Justice of your Honorable Court; that the application to vacate said order and quash the appeal was made only after a term of this court had passed, and that expedition is now sought for a private purpose and gain, and not for public needs and wants"; praying that rule granted in the foregoing matter be dismissed at the costs of the petitioner.

*M. W. Jacobs, F. B. Wickersham,* borough solicitor, and *M. E. Olmsted* with him, for motion.—No judgment is final which does not terminate the litigation between the parties to the suit: Bostwick v. Brinkerhoff, 106 U. S. 3; St. Clair Co.

v. Lovingston, 18 Wall. 628; Grant v. Phœnix Ins Co., 106
U. S. 429; R. R. v. Ex. Co., 108 U. S. 24; Eckfeldt's Ap., 13
Pa. 171; Forbes v. Tuckerman, 115 Mass. 115; Hall's Ap., 56
Pa. 238; Homer etc. R. R., 37 Pa. 333; Macrum v. Jones, 10
Cent. Rep. 280.

The appeal was not a supersedeas until made so by the order:
Logan v. Jennings, 4 Rawle, 355; O'Hara v. R. R., 2 Gr. 241;
Mitchell & Keene's Ap., 60 Pa. 502; Robinson v. Glancy, 69
Pa. 89; Wistar's Ap., 115 Pa. 241.

There are no special circumstances in this case to call for
unusual interference with the proceedings in the court below.

*John H. Weiss* and *Lyman D. Gilbert, W. F. Darby* with
them, contra.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 21, 1894:
It is contended that the decree, from which this appeal was
taken, is not final, and hence the motion to quash.

The sixth section of the act of May 16, 1891, under which the
proceedings were had, provides that, upon the report of the
viewers being filed, "any party may within thirty days there-
after file exceptions to the same, and the court shall have power
to confirm said report, or to modify, change, or otherwise cor-
rect the same, or change the assessments made therein, or refer
the same back to the same or new viewers, with like power as
to their report. Or, within thirty days from the filing of any
report in court, any party whose property has been taken, in-
jured or destroyed, may appeal and demand a trial by jury, and
any party interested in any assessment of damages or benefits
may, within thirty days after final decree, have an appeal to
the Supreme Court." It will be noticed that the right to file
exceptions to the report is given to "any party"—meaning, of
course, any party interested in the proceeding—while the right
to appeal and demand a jury trial is restricted to "any party
whose property is taken, injured or destroyed," and the right
of appeal to the Supreme Court is given to "any party inter-
ested in any assessment of damages or benefits;" but this right
of appeal to the Supreme Court must be exercised within thirty
days after final decree. It cannot be rightly exercised before
the entry of a final decree.

As it had an undoubted right to do, the Pennsylvania Steel Company, within the thirty days prescribed by the act, filed exceptions to the report of the viewers, and also within the same time appealed from said report and demanded a trial by jury. That appeal is still pending and undetermined in the court below. It involves, among other things, the determination by jury trial of the amount of damages to which the Steel Company is entitled for property taken, injured or destroyed. Unless the proceeding should prove to be so fatally defective as to require dismissal without consideration of the case on its merits, there cannot, in the nature of things, be a final decree in the case until the question of damages is first settled by the verdict of a jury, etc. The action of the court below on the exceptions to the viewers' report is clearly not a final decree within the meaning of the act; and the appeal to this court has nothing else upon which it can rest. It is clearly insufficient for the reason that it does not amount to a final decree. When the questions involved in this appeal are settled and the exceptions to the award are finally disposed of by the court below, we will have a final decree, and an appeal therefrom will bring up for review the entire case. No judgment or decree is final that does not terminate the litigation, between the parties to the suit, in that jurisdiction: St Clair County v. Lovingston, 85 U. S. 628. To the same effect are Bostwick v. Brinkerhoff, 106 U. S. 3; Grant v. Insurance Co., Id. 429; Eckfeldt's Ap., 13 Pa. 171; Palethorp's Est., 160 Pa. 316.

We are clearly of opinion that the appeal in question is premature in that there has not yet been any final decree, in the court below, from which an appeal to this court will lie. It therefore follows that the motion to quash the appeal should prevail. That, of course, carries with it and finally disposes of the motion to rescind the order, granted at chambers, declaring the appeal a supersedeas, etc. The appeal being quashed the order becomes inoperative.

The act provides for giving bond and proceeding with the opening of the street, etc.; but the court will not permit that, unless they are satisfied that, in the circumstances, it is proper to do so.

Appeal quashed and order staying proceedings revoked.