Lower Chichester Twp. *v.* Roberts et al.,
Appellants.

Argued May 9, 1932.  Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER and DREW, JJ.

*A. B. Geary* of *Geary & Rankin,* for appellants.—It has been generally recognized that certain expenditures in connection with public improvements are general and should be borne by the public.  Included in those items have always been counsel fees, costs of engineering, advertising the notice, jury of view expenses and like items. These cases, if the judgments are sustained, will change what has been the general practice and institute a new rule with a strong temptation to magnify the services of engineers or attorneys and others who may be called upon to render service to the municipality.

*Harold L. Ervin* of *Lutz, Ervin, Reeser & Fronefield,* for appellee.—The appellants were not prejudiced by the action of the court in holding the items enumerated a part of the "costs, damages and expenses of the construction of the sewers:" Schaffer Ave., 86 Pa. Superior Ct. 20; Winton Boro. Sewer, 46 Pa. Superior Ct. 502; Frazer v. Pittsburgh, 41 Pa. Superior Ct. 103; Sisters of St. Francis v. Boro., 69 Pa. Superior Ct. 302.

OPINION BY MR. JUSTICE SCHAFFER, June 30, 1932:

The primary dispute in this case is over procedure. The issue revolves around the inclusion by the township, in the expenditures made by it in building a sewer in front of appellants' properties, of certain items with which it seeks to charge them in levying an assessment for benefits. Should the appellants have raised the question by exceptions filed to the report of the jury of view, or may they challenge the objected-to-items in the trial before a jury in court, on appeal from the award of the viewers?

In making up the cost of the sewer, the municipality included the purchase price of a lot of ground through which it was compelled to lay it, the cost of the services of a civil engineer, the amount paid for an inspector's salary, legal fees to the solicitor, costs connected with filing the report of the jury of view, of advertising the ordinance, of printing bills for notices of the meeting of the jury of view, for advertising its report and for services of the secretary of the township commissioners in connection with the sewer. The court of common pleas determined that the propriety of including these items in the expense of the sewer could be raised only by exceptions to the report of the jury of view, and, no exceptions having been filed, that they could not be taken into account by the jury hearing the case on appeal, and that that body must take the cost of the sewer as fixed in the report of the viewers. On appeal, the Superior Court disagreed with the common pleas, con-

cluded that certain of the items should not have been included by the viewers in the cost of the improvement, and as they resulted in increasing the amount of the assessments against appellants, that the latter had a right to question their legality as part of the amounts legally assessible against them, and the Superior Court accordingly modified the judgment entered below, by reducing the aggregate verdicts in the sum of these items. From this finding of the Superior Court we allowed an appeal.

Our conclusion is that the common pleas was right in holding that the matters complained of could be raised only on exceptions, and that it was not competent to have them passed upon at the jury trial on appeal from the viewers.

The able and experienced president judge of the common pleas, Judge FRONEFIELD, in his opinion discussing the question, thus aptly summed it up: "The procedure upon this theory [that exceptions must be filed if items making up the total cost of the sewer are to be challenged] would seem to be the only practical one. Whether or not the various items included by the engineer and approved by the jury of view as the total costs of construction were properly included are legal questions which must necessarily be decided by the court, and the expeditious and practical method is to bring these legal considerations before the court upon exceptions, leaving, as the question upon appeal to be tried by a jury, only the amount, if any, of benefits over and above damages to the various owners of abutting property. It is reasonable that the trial by jury shall be after all the various items entering into the costs of construction shall have been finally determined upon exceptions. The only question upon such an appeal to be submitted to the trial jury is the difference in value of the property before and after the improvement, with the limitation, as contained in section 557 of the Act of July 14, 1917, P. L. 840, that the total assessment for benefits shall not ex-

ceed the total costs, damages and expenses awarded and agreed upon."

The portions of the acts of assembly which have to be considered in connection with the matter under determination appear in the footnote.*

---

* "Townships of the first class may construct sewers and drains in any street or alley, or through or on or over private property. The costs, damages, and expenses of the construction of any such sewers or drains shall be assessed upon the properties accommodated or benefited in either of the following methods: (a) By an assessment, pursuant to township ordinance, of each lot or piece of land in proportion to its frontage, abutting on the sewer, allowing such reduction in the case of properties abutting on more than one sewer as the ordinance may specify. No assessment by frontage shall be made on properties of such a character as not to be lawfully subject to such manner of assessment, and each abutting property shall be assessed with not less than its proportion, aforesaid, of the entire cost and expense of such construction. (b) By an assessment upon the several properties abutting on the sewer in proportion to benefits, the amount of the charge on which property shall be ascertained and the rights of taxpayers are conferred as provided in sections five hundred and fifty-three to five hundred and sixty-five, both inclusive, of this act:" Act of May 1, 1923, P. L. 121, section 1105.

"The damages sustained and the costs and expenses incurred by making the improvements may be paid either in whole or in part by the township, or in whole or in part by assessments upon the property benefited, as the viewers may determine and the court approve. If assessments are made on the property benefited, the viewers shall first estimate and determine the damages apart from the benefits, and shall then assess the damages, or so much thereof as they deem just and reasonable, upon the properties peculiarly benefited by the improvements. All property for which damages have been allowed may be included in the assessment, if, in the judgment of the viewers, such properties will be benefited by the improvements. The viewers shall report the assessments to the court. The total assessment for benefits shall not exceed the total costs, damages, and expenses awarded and agreed upon:" Township Code of July 14, 1917, P. L. 840, section 557.

"Upon the filing of the report of the viewers, or any two of them, in the court, any party interested may, within thirty days thereafter, file exceptions thereto. The court may confirm the report, or modify, change, or otherwise correct the same, or change the

Unless the legislative intent was that such matters as are embodied in the dispute in this case were to be challenged by exceptions, it is difficult to understand to what situations such procedure would apply. All legal questions should be preliminarily disposed of, so that the jury in court will have to dispose only of the one clear cut issue: whether the property has been benefited by the improvement, and if so, to what amount. If the question whether a certain item or items should be included in the cost of a sewer were to be left to the determination of the court in the presence of the jury, it would be confusing, would becloud the issue and might improperly affect the jury's determination of the question before it. It is important for equitable results that the total cost of the improvement which can be legally assessed should in every instance be a fixed and certain sum when the case comes before the jury. This can always be brought about by disposing of such questions as are here involved preliminarily on exceptions; where none is filed, the total cost will stand as fixed by the viewers. If it be said that the act provides that exceptions and appeal must be entered within the same time, thirty days after the filing of the report of viewers, and

assessments made therein, or refer the report back to the same or new viewers, with like power as to their report. When the report is first filed in court the prothonotary thereof shall mark it confirmed nisi, and in case no exceptions are filed thereto within thirty days he shall enter a decree as of course that the report is confirmed absolutely:" Township Code, section 560.

"Within thirty days after the report is filed any party whose property is taken, injured, or destroyed, or who is assessed benefits, may appeal to the court of common pleas and demand a trial by jury. Upon the trial of any such appeal in court, the report of the viewers, as finally approved, confirmed, modified, or changed by the court, shall be prima facie evidence of the benefits therein mentioned. In case the party appellant does not obtain a verdict more favorable than the report of the viewers, as finally confirmed, modified, or changed, the appellant shall not recover any costs on the appeal:" Ibid., section 561.

that this would seem to be incongruous, our answer is that there is no reason apparent why they should not be. If the exceptant gets what he wants when his exceptions are disposed of, he can drop his appeal.

To us it does not seem, as it did to the Superior Court, that section 561 of the Act of 1917 effected a radical change in the law by conferring on any person assessed for benefits the right of appeal and trial by jury on every question. True it does give these rights of appeal and jury trial, but it still preserves the procedure by exception in proper instances, which those before us are. Just why purely legal questions should go over to the time of the jury trial, when they then must be disposed of by the court, not by the triers of fact, we are unable to see. As was observed by the president of the common pleas, to dispose of them on exceptions is the expeditious and practical method. We do not regard what was said in Gaughan v. Scranton City, 266 Pa. 586, as in any way militating against the conclusion we here reach. It will still be true that "an appeal from the award of viewers brings up the whole case," but the whole case, so far as the jury is concerned, is that part of the proceeding within its competence to pass upon. Matters which may be excepted to and which the court hearing the exceptions may conclude raise questions of fact proper for a jury's consideration, would not be determined on exceptions, but would be relegated by the court to the triers of fact, but, if the property owner, or the municipality, wishes to raise any question as to the viewers' report, other than the broad one of the assessment, if any, which should be made, it must be done by exceptions filed to the report and not by appeal. This, as we view it, is the intent of the act.

The judgment of the Superior Court is vacated and set aside and that of the common pleas is affirmed.