## Mackowain, Appellant, *v.* Gulf Oil Corporation.

Argued January 14, 1952. Before DREW, C. J., STERN, STEARNE, BELL, CHIDSEY and MUSMANNO, JJ.

*Louis Matkoff,* for appellant.

*J. B. H. Carter,* with him *Evans, Bayard & Frick,* for appellee.

OPINION BY MR JUSTICE ALLEN M. STEARNE, March 24, 1952:

Defendant has filed a motion to quash this appeal because it is interlocutory.

The action is in trespass for personal injuries arising out of an automobile accident. The court below entered an order directing plaintiff to answer defendant's written interrogatories. The court approved the interrogatories, which were filed pursuant to this order. Within the period allowed for answering the interrogatories plaintiff filed his appeal. Procedure relating to Depositions and Discovery was adopted by this Court November 20, 1950, effective June 1, 1951, and is embodied in the Pennsylvania Rules of Civil Procedure 4001 to 4025 inclusive. Plaintiff's chief complaint is that under rule 4011 a party cannot have discovery of any fact not necessary to prepare the pleadings or prove a *prima facie* defense, and that defendant's questions in its interrogatories violate this rule.

The order appealed from is clearly interlocutory as it makes no final disposition of the matter in controversy. Until such final order is entered plaintiff cannot be harmed. Cf. *Quinn v. Pennsylvania Railroad Company,* 219 Pa. 24, 67 A. 949.

In the above circumstances we have consistently refrained from considering the merits of the appeal. See the many cases cited in 9 Standard Pennsylvania Prac-

tice secs. 24, 27. We are not unmindful of the importance of the questions sought to be raised by this appeal, but "The law aims to dispose of litigation by a single appeal and preliminary orders are not appealable in advance of final judgment except when made so by statute: Wood v. Harlan, 78 Pa. Superior Ct. 92.": *Lewis v. Beatty,* 306 Pa. 242, 245, 159 A. 441. The course suggested by appellant has frequently been proposed. Justice SADLER answered such suggestion in *American Trust Co. v. Kaufman,* 279 Pa. 230, 123 A. 785, in these words, p. 233: ". . . it must be kept in mind, permission to appeal from intermediate decrees tends to delay disposition of the controversy, and an attempt to obviate a supposed inconvenience may result in more harm than good. The wisdom of such a change is, however, not for us to pass upon, and, until ordered by some statute, the long established principle, that review can be had only when the action has terminated below, must control."

The appeal is quashed.