162 A.2d 722 (1960)
FISH ENGINEERING CORPORATION, a Delaware corporation, and Pacific Northwest Pipeline Corporation, a Delaware corporation, Appellants, Defendants,
v.
Arthur J. L. HUTCHINSON, Appellee, Plaintiff.
Supreme Court of Delaware.
July 18, 1960.
Arthur G. Connolly and Januar D. Bove, Jr. (of Connolly, Cooch & Bove), Wilmington, for Fish Engineering Corp. (Fish), one of defendants below, appellant.
John VanBrunt, Jr. (of Killoran & VanBrunt), Wilmington, for Pacific Northwest Pipeline Corp. (Pacific), also one of the defendants below, appellant.
Herbert L. Cobin, Wilmington, for plaintiff below, appellee.
SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.
*723 BRAMHALL, Justice.
Plaintiff instituted suit against defendants charging defendants with fraud and misrepresentation in obtaining title to certain of plaintiff's patents and in causing plaintiff to execute an agreement assigning certain rights thereto to Fish. Defendants filed a motion for dismissal, alleging that the claim was barred by the statute of limitations and that the complaint failed to set forth with sufficient particularity a claim upon which relief might be granted. Defendants also objected to plaintiff's numerous interrogatories. The Chancellor denied both defendants' motion to dismiss and defendants' objections to plaintiff's interrogatories. Defendants appealed. Plaintiff filed a motion to dismiss.
Plaintiff's motion presents three questions: (1) Is the order of the Chancellor denying defendants' motion to dismiss on the ground that the action is barred by the statute of limitations an appealable order within the meaning of Article IV, Section 11(4), of the Delaware Constitution, Del.C.Ann.?; (2) Is the order of the Chancellor denying Pacific's motion to dismiss on the ground that the complaint does not set forth with sufficient particularity a claim upon which relief might be granted an appealable order?; (3) Is the order of the Chancellor denying defendants' objections to plaintiff's interrogatories an appealable order?
1. Motion to dismiss because of bar of statute of limitations.
The question of whether or not the Chancellor's denial of the motion to dismiss upon the ground that the action is barred by the statute of limitations is determined by our decision as to whether or not the denial of this motion disposed of substantial issues and established legal rights.
Article IV, Section 11(4), of the Constitution of 1897, authorizes this Court
"To receive appeals from the Court of Chancery and to determine finally all matters of appeal in the interlocutory or final decrees and other proceedings in chancery".
As plaintiff's somewhat voluminous complaint was construed by the Chancellor, plaintiff prayed for recision of certain transactions involving patents, damages and other relief. Defendants were charged with a breach of fiduciary relationship and the exclusive jurisdiction of the Court of Chancery was invoked.
The Chancellor held that at this stage of the proceedings the statute of limitations per se has no application. The Chancellor did not, however, foreclose defendants *724 from pressing this defense at the trial. What he did, in effect, was to say that he did not desire to pass upon this question at this stage of the proceedings but desired further information by way of the trial before making his determination.
Not every denial of a motion to dismiss constitutes an appealable order; there must be a substantial issue with legal rights established. DuPont v. DuPont, 32 Del.Ch. 405, 82 A.2d 376. On a motion to dismiss, all inferences are construed in favor of plaintiff. See 2 Moore's Fed.Pr., Second Edition, § 12.08, p. 2245. A court should not dismiss a complaint for failure to state a claim unless it appears to a reasonable certainty that under no state of facts which could be proved to support the claim asserted would plaintiff be entitled to relief. Mere vagueness or a lack of detail are not alone sufficient ground to dismiss a complaint for failure to state a claim. Danby v. Osteopathic Hospital Ass'n of Delaware, 34 Del.Ch. 172, 101 A.2d 308, 315, affirmed 34 Del.Ch. 427, 104 A.2d 903.
The language of the complaint charges defendants in somewhat general terms with the breach of a fiduciary relationship. If, as defendants contend, the language is vague and somewhat uncertain, defendants by discovery can easily cure such uncertainty or ambiguity. The Chancellor's decision was a matter lying entirely within his discretion. Since he made no order relative to the question of the statute of limitations  deciding to reserve his decision until the trial of the case  there is no order from which defendants can appeal.
2. Motion of Pacific to dismiss for failure to state a claim upon which relief might be granted.
This question involves also the determination of whether or not the Chancellor's refusal to dismiss the complaint as to Pacific disposed of any substantial issue or established a legal right.
The nub of Pacific's motion is that plaintiff in his complaint has failed to set forth with sufficient particularity the facts upon which he bases his claim against Pacific. Pacific's argument runs something like this: In paragraph 46 of plaintiff's complaint, he charges conspiracy. Pacific is not therein connected in any manner with any overt act. Plaintiff withdrew his charge of conspiracy. If you take from the complaint the language upon which the allegation of conspiracy is based, there is nothing left except a bare statement of fraud.
Pacific alleges that the refusal of the Court to dismiss the complaint deprived it of substantial rights. Pacific also suggests, citing DuPont v. DuPont, supra, that the failure of plaintiff in his complaint to give Pacific due notice of the specific charges of wrong-doing raises the question of due process.
The allegations involving Pacific are quite meager. Nevertheless, after eliminating the specific charge of conspiracy, plaintiff has still charged in general terms that Pacific was involved in the commission of a joint tort by aiding and abetting Fish in the performance of the wrongful acts charged against Fish and by causing devices based upon plaintiff's inventions and patents to be manufactured for the account of Pacific and other defendants without compensation to plaintiff. While Rule 9 (b) of the Court of Chancery, Del.C.Ann., provides that in all averments of fraud the circumstances thereof shall be stated with particularity, nevertheless, it is a rule of procedure and the action of the Chancellor in refusing to dismiss the complaint upon this ground was a matter lying within his discretion.
Pacific has not been harmed because, as heretofore stated, it can undoubtedly proceed by discovery to ascertain all the facts upon which plaintiff's claim against it is based, and, if the facts are not sufficient, it may move for judgment under Rule 56(b). In any event, no substantial issue has been determined nor has *725 any legal right been established by the Chancellor's ruling. Obviously, there is no question of due process.
3. Denial of defendants' objection to interrogatories.
The Chancellor's denial of defendants' objections to certain interrogatories raises the question as to whether this is an appealable order.
Plaintiff filed numerous interrogatories. Defendants took exception to all of them upon the ground that they were unduly numerous, harassing, sought beliefs rather than facts and sought confidential information irrelevant to the issues and prejudicial to defendants' business if they should be made available to competitors. In denying defendants' objections, the Chancellor noted that with the exception of the alleged confidential matter, the relevancy of the matters sought was not questioned. As to the alleged confidential matter, the Chancellor stated that this matter was relevant and that since plaintiff sought only answers within the knowledge of defendants, no objection to the interrogatories may be based upon an alleged confidential status.
The Court has broad discretion in determining whether or not to allow discovery under Rule 33 of the Court of Chancery (similar in all respects to Rule 33 of the Rules of Federal Civil Procedure, 28 U.S.C.A.). Newell v. Phillips Petroleum Co., 10 Cir., 1944, 144 F.2d 338; De Bruce v. Pennsylvania R. Co., D.C.E.D.Pa.1947, 6 F.R.D. 403. It has been said that in the exercise of the Court's discretion discovery should be allowed unless the Court is satisfied that the administration of justice will be impeded by such an allowance. Mall Tool Co. v. Sterling Varnish Co., D.C. W.D.Pa.1951, 11 F.R.D. 576; Hickman v. Taylor, 3 Cir., 1945, 153 F.2d 212, affirmed 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. See 4 Moore's Fed.Pr., § 33.27, p. 2339. The order of the Chancellor in directing the defendants to answer the interrogatories did not determine any substantial issues nor establish any legal rights. It was therefore not appealable. State v. Arns, 72 Iowa 555, 34 N.W. 329; Mackowain v. Gulf Oil Corp., 369 Pa. 581, 87 A.2d 314, 37 A.L.R.2d 584. See citations 37 A. L.R.2d 586, 618.
Defendants complied with the Chancellor's order and answered all the interrogatories. The appeal is therefore moot.
Plaintiff's motion to dismiss appeal is granted.