Werner *v.* Commonwealth, Appellant.
Commonwealth *v.* Burns, Appellant.

Argued October 7, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*George R. Specter,* Assistant Attorney General, with him *John R. Rezzolla,* Chief Counsel, and *Walter E.*

*Alessandroni,* Attorney General, for Commonwealth, appellant.

*Donald R. McKay,* with him *Martin E. Cusick, Errol Fullerton,* and *Cusick, Madden, Joyce, Acker and McKay,* for appellees.

Argued October 8, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James H. Stewart, Jr.,* with him *J. Ross McGinnes,* and *Nauman, Smith, Shissler & Hall,* for appellants.

*Raymond Miller,* Deputy Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE COHEN, January 5, 1965:

Both these cases involve appeals from dismissals by lower courts of exceptions taken to reports filed by boards of viewers in condemnation proceedings. Pursuant to the statutes involved the exceptions in the *Werner* case were raised in the quarter sessions court, June 1, 1945, P. L. 1242, §§303, 304, 36 P.S. §§670-303, 304 while the exceptions in the *Burns* case were raised in the court of common pleas, July 15, 1919, P. L. 976,

§5, 71 P.S. §1575. In both cases, as was their right under these same statutes, the parties taking exceptions to the viewers' report also took appeals to courts of common pleas, which appeals are heard de novo. *Snyder v. Commonwealth,* 412 Pa. 15, 21, 192 A. 2d 650, 653 (1963).

In the *Werner* case the exception to the report was based upon the viewers' refusal to make a special finding of fact whether or not certain property was considered by the viewers in determining damages. The exception was dismissed on the ground that the question—whether the unity of use doctrine applied to the property in question—was a mixed one of law and fact and should be raised at the trial of the appeal and not by exception. In the *Burns* case there were three bases for exceptions: (1) that the condemnation of a mere avigation easement was unlawful because the statute does not permit the condemnor to take less than all the property owner's interest in the land, (2) that although the facts constituted a taking of the entire fee only an easement was condemned and (3) that the viewers' report did not contain a schedule of damages, or, if it did, the damage to the property subjacent to the avigation easement was not reflected. The court dismissed exception (1) on the ground that the statute countenanced the condemnation of an easement and (2) and (3) on the ground that the matters raised would be disposed of by the appeal.

The dismissals of the exceptions in both cases were interlocutory orders and therefore these premature appeals must be quashed. In both cases appeals have been taken to the common pleas court from the viewers' reports. The liabilities of the condemnors will not be determined until these appeals are concluded. Under such circumstances the mere dismissal of exceptions cannot be said to constitute a final order or, in any sense, to terminate the litigation between the parties.

This has been the rule since *Pennsylvania Steel Company's Appeal*, 161 Pa. 571, 29 Atl. 294 (1894). We see no reason to change the rule. When a party has taken both an appeal from and an exception to a viewers' report, no appeal may be taken from the lower court's dismissal of exceptions until the conclusion of the appeal. At that time the ruling on exceptions and/or the judgment in the appeal can be reviewed here if the proper party so desires. This is the best way to effect the "policy of the law . . . to preclude piecemeal determinations and the consequent protraction of litigation," *Sullivan v. Philadelphia*, 378 Pa. 648, 649, 107 A. 2d 854, 855 (1954), and to protect this Court from appeals which the parties might have found unnecessary had they awaited a final order, decree or judgment.

We do not decide what effect the new "Eminent Domain Code" of June 22, 1964 (Special Session), P. L. 84, No. 6, §§515, 516, 517, 523, 26 P.S. §§1-515, 516, 517, 523 may have upon this question; however, the statutes governing these cases do not make the interlocutory orders in question appealable. In the *Werner* case, the pertinent statute, June 1, 1945, P. L. 1242, §§303, 304, 36 P.S. §§670-303, 304, mentions an appeal to this Court only in respect to the judgment of the court of common pleas. According to the statute applicable to the *Burns* case, an appeal to this Court may be had "from any judgment of the court of common pleas, either upon exceptions or upon the verdict in the issue framed on . . . appeal." Act of July 15, 1919, P. L. 976, §6, 71 P.S. §1576. But the statute does not say what the procedure shall be when *both* an appeal from and exception to the viewers' report have been taken[1] or whether the appeal from the com-

---

[1] Section 5 of the Act, 71 P.S. §1575, does direct the common pleas court to hear and determine exceptions before the appeal but

mon pleas court's judgment on exceptions must be heard before its judgment on the appeal from the viewers' report has been rendered.[2]

Appeals quashed.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I dissent from the Court's holding that the Order of the Court of Common Pleas in *Burns* and the Order of the Court of Quarter Sessions in *Werner*—each of which dismissed *exceptions* taken to reports filed by a Board of Viewers in condemnation proceedings—were interlocutory and unappealable. While the present law prescribing a distinction between (a) exceptions and (b) appeals in condemnation proceedings seems

---

this has no effect upon the proper procedure for appeals to this Court.

[2] In the *Burns* case appellants contend that, pursuant to the statute quoted in the text, they are appealing from a "confirmation" of the report of the viewers. But the statute makes it clear that a timely appeal prevents the confirmation of the viewers' report, July 15, 1919, P. L. 976, §4, 71 P.S. §1574. Appellants in the *Burns* case also contend that their exceptions raise a question whether the viewers' report meets the standard required by law, and they are entitled to have this question decided now notwithstanding the fact that they have taken a de novo appeal. In the first place the thrust of the exception in question does not go to the legal adequacy of the report but to the factual question of damages to the property subjacent to the avigation easement. Second, the statute does not say the "schedule" must be included in the report filed in court. July 15, 1919, P. L. 976, §4. The "schedule" was to be exhibited at a hearing set by the viewers to receive exceptions and evidence after they made their decision but before they filed a report in court. Apparently appellants waived this hearing. In any event, we fail to perceive why the dismissal of this exception should be reviewed at this time. It does not raise a question which if decided favorably to the appellant would throw doubt upon the fundamental legality of the proceedings before the viewers. Therefore, until the de novo appeal is concluded, our decision on the question would be premature.

to me to be ridiculous,* the applicable statute in the *Burns* case specifically provides, and two very recent cases of this Court hold, that *the Order in each of these cases* was a final Order and appealable. *Cavalier Appeal,* 408 Pa. 295, 183 A. 2d 547; *Angle v. Commonwealth,* 396 Pa. 514, 153 A. 2d 912.

## Commonwealth v. Burns

The *Burns* claim arises under the Act of July 15, 1919, P. L. 976, as amended, 71 P.S. §1571 et seq., which governs condemnations instituted by the Department of Property and Supplies. That statute provides in Section 2 for the appointment of viewers by the Court of Common Pleas, and in Section 5 for the filing of exceptions to the report of the viewers and/or an appeal therefrom to the Court of Common Pleas.

Section 6 of the Act provides: "The Commonwealth or any other party interested may have the *right to appeal to the Supreme Court* from any judgment of the court of common pleas, *either upon exceptions or* upon the verdict in the issue framed on such appeal."

The meaning of this statutory provision specifically granting the right to appeal to the Supreme Court from any judgment of the Court of Common Pleas upon exceptions, is clear as crystal and cannot possibly be ignored or changed by this Court.

Moreover (as we shall hereinafter see) the recent cases of this Court likewise, and without any doubt, allow an appeal to this Court from the dismissal of exceptions to the report of the Board of Viewers which were filed in the lower Court.

*Cavalier Appeal,* 408 Pa., supra, and *Angle v. Commonwealth,* 396 Pa., supra, clearly and unquestionably

---

* While no final interpretation is now made of the recent Eminent Domain Act of June 22, 1964, P. L. 84, it would appear that this ridiculous distinction has been changed.

hold (1) that exceptions may be filed to the report of the Board of Viewers, and (a) that these exceptions relate solely to and raise only questions of procedure and of law, and (b) that questions of fact and the amount of damages may be raised only by and on appeal.*

### Werner v. Commonwealth

The *Werner* claim arose as did the claim in *Cavalier* and in *Angle* out of condemnation proceedings brought under the Act of June 1, 1945, P. L. 1242, §101 et seq., known as the State Highway Law.

In *Cavalier Appeal,* 408 Pa., supra—which involved an appeal to this Court from a judgment of the Court of Quarter Sessions which had dismissed *exceptions* taken to the report of a Board of View—this Court (speaking through Justice Cohen) unanimously affirmed the judgment of the Court below.

In *Angle v. Commonwealth,* 396 Pa., supra, the Commonwealth appealed from an Order of the Court of Quarter Sessions which had dismissed the Commonwealth's *exceptions* to findings of a Board of Viewers in condemnation proceedings. The Order of the lower Court was affirmed.

It is as obvious as anything can be that this Order or Judgment of the lower Court in *Cavalier* and in *Angle* which had dismissed exceptions which were filed to the report of the Board of Viewers was a final appealable Order.

### Differences Between Exceptions and an Appeal

There is a well recognized distinction between exceptions to a viewers' report and an appeal from a

---

* It is too often overlooked that nearly every condemnation or eminent domain case is brought under a statute which in many respects differs from every other statute.

viewers' report; neither embraces the other; they are separate and distinct and raise different questions.

In *Lower Chichester Township v. Roberts,* 308 Pa. 195, 162 A. 460, the Court said (pages 197, 200): "Our conclusion is that the common pleas was right in holding that the matters complained of could be raised only on exceptions, and that it was not competent to have them passed upon at the jury trial on appeal from the viewers.

". . . Matters which may be excepted to and which the court hearing the exceptions may conclude *raise questions of fact* proper for a jury's consideration, *would not be determined on exceptions,* but would be relegated by the court to the triers of fact, *but, if the property owner, or the municipality, wishes to raise any question as to the viewers' report, other than the broad one of the assessment, if any, which should be made, it must be done by exceptions filed to the report and not by appeal.\** This, as we view it, is the intent of the act.

"The judgment of the . . . [court of] common pleas is affirmed."

In *Lakewood Memorial Gardens Appeal,* 381 Pa. 46, 112 A. 2d 135, *exceptions* were filed to a decision and Order of the Board of Viewers. *These exceptions* were dismissed by the Court of Common Pleas, which affirmed the Order of the Board of Viewers. This Court affirmed the Order of the Common Pleas and said (page 51): ". . . *Exceptions to viewers' reports, unlike appeals* therefrom, are properly limited to procedural matters or questions of law basic to the inquiry: See Chester Municipal Authority v. Delp, 371 Pa. 600, 604, 92 A. 2d 169; and Lower Chichester Twp. v. Roberts, 308 Pa. 195, 162 A. 460. . . .

"The order appealed from is affirmed. . . ."

---

\* Italics throughout, ours.

The majority rely upon *Pennsylvania Steel Company's Appeal,* 161 Pa. 571, 29 Atl. 294, and *Sullivan v. Philadelphia,* 378 Pa. 648, 107 A. 2d 854, to which could be added *Sinking Spring Water Co. v. Gring,* 257 Pa. 340, 101 Atl. 732. The *Sullivan* case, which was an action of assumpsit, is entirely irrelevant and inapplicable; while the early cases of *Pennsylvania Steel Company* and of *Sinking Spring Water Co.* are likewise clearly inapplicable, because the statute under which each was decided was entirely different in language from the statute here involved.

For these reasons, I am compelled to dissent.

Mr. Justice MUSMANNO joins in this dissenting Opinion.