534 A.2d 465

**Deanna Della Vedova WALL, Appellee,**

**v.**

**L. Stanley WALL, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 25, 1987.

Decided Dec. 9, 1987.

David L. Robinson, Fisher, Long & Rigone, Greensburg, for appellant.

Harvey A. Zalevsky, Greensburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

Appellee, Deanna Della Vedova Wall, filed a Complaint in Divorce under section 201(d) of the 1980 Divorce Code[1] ("Code"), 23 P.S. § 201(d), seeking a termination of the marital relationship as well as property distribution, alimony, attorney's fees and costs. Appellant, L. Stanley Wall, filed an answer in which he asserted that a marital relationship had never existed between the parties and moved for the dismissal of the complaint. After a full evidentiary hearing on the question as to the existence of a valid marriage, the court found that a valid common-law marriage did exist between appellant and appellee. This finding was affirmed by the court *en banc*. Appellant proceed-

1. Act of April 2, 1980, P.L. 63, 23 P.S. § 101 *et seq.*

ed to appeal the finding of the existence of a valid marriage to the Superior Court. The Superior Court determined that, since there had not been an entry of a decree in divorce, the ruling appealed from was an interlocutory one, and quashed the appeal, 509 A.2d 1326. The single question before this Court in this matter is whether the Superior Court was correct in its determination that the appeal to them was premature. We granted review to respond to that question, and for the reasons that follow conclude that the order of the Superior Court should be affirmed.

The basic argument of appellant is predicated upon the ground that section 206 of the Code, 23 P.S. § 206, provides for a declaratory judgment concerning the validity of a marriage.

### § 206. Proceedings to determine marital status

When the validity of any marriage shall be denied or doubted, either or both of the parties to the marriage may bring an action for a declaratory judgment seeking a declaration of the validity or invalidity of the marriage, and, upon due proof of the validity or invalidity thereof, it shall be declared valid or invalid by decree of such court, and *unless reversed upon appeal,* such declaration shall be conclusive upon all persons concerned.

(Emphasis added.)

The above-italicized statutory language would suggest that an order in a proceeding brought under that section is a final one and therefore appealable. Appellant attempts to bolster this contention by noting that under the Uniform Declaratory Judgment Act, 42 Pa.C.S. § 7531 *et seq.,* it is provided that a declaration "shall have the force and effect of a final judgment or decree." 42 Pa.C.S. § 7532. While we agree that a declaration as to the validity of a marriage, pursuant to section 206 of the Code, would be final and thereby reviewable, this fact is of no comfort to the instant appellant. While the issue of the validity of the marriage could have been a subject for declaratory relief and thus reviewable, here it was merely one of the issues subsumed in the larger question before the trial court. The court's

determination as to the validity of the marriage was merely its decision as to a particular legal issue without being a "final" resolution of the overlying claim or cause of action.

Plaintiff sued for a divorce and other relief. A condition precedent to a grant of the divorce was the finding of a valid marriage. However, finding a valid marriage did not resolve the plaintiff's cause of action for a divorce, alimony and property distribution. The question of whether the declaration as to the validity of the marriage is a final order must thus be resolved in accordance with the standards and policies addressing interlocutory appeals. Viewing the issue in these terms persuades us that the Superior Court correctly characterized the order as non-appealable.

In *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985), we noted our approval of the approach of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), that "looks beyond the technical effect of the adjudication to its practical ramifications." 509 Pa. at 94, 501 A.2d at 214. We also noted our disfavor of a policy that allows piecemeal appeals, because in our view:

> [A] policy which allows piecemeal appeals from a single case serves only to increase the cost of litigation, and favors the party with the greater resources, who can strategically delay the action at the expense of the indigent party.

*Fried v. Fried*, 509 Pa. at 97, 501 A.2d at 215.

*See, Stevenson v. General Motors Corp.*, 513 Pa. 411, 521 A.2d 413, 416 (1987); *Pugar v. Greco*, 483 Pa. 68, 75, 394 A.2d 542, 545–6 (1978); *Fadgen v. Lenkner*, 469 Pa. 272, 289, 365 A.2d 147, 155 (1976); *Piltzer v. Independence Federal Savings and Loan Association of Philadelphia*, 456 Pa. 402, 406, 319 A.2d 677, 678 (1974); *Estate of Marino*, 440 Pa. 492, 494, 269 A.2d 645, 646 (1970); *Adcox v. Pennsylvania Manufacturers' Association Casualty Insurance Co.*, 419 Pa. 170, 175, 213 A.2d 366, 368 (1965); *Werner v. Commonwealth, Department of Highways*, 416 Pa. 356, 359, 206 A.2d 317, 319 (1965); *Winnet v. Brenner*, 409 Pa. 150, 152, 185 A.2d 318, 319 (1962); *McGee v.*

*Singley,* 382 Pa. 18, 22, 114 A.2d 141, 143 (1955); *Sullivan v. Philadelphia,* 378 Pa. 648, 649, 107 A.2d 854, 855 (1954); *Mackowain v. Gulf Oil Corp.,* 369 Pa. 581, 87 A.2d 314, 37 A.L.R.2d 584 (1952).

In the present appeal our assessment of practical ramifications and the policy considerations persuades us that the order finding a valid marriage is non-appealable prior to an adjudication of the plaintiff's entitlement to a divorce and attendant requests for property distribution, alimony and costs. The practical effect of allowing separate appeals on issues that are not ultimate issues in the lawsuit engenders delay in the final resolution of the matter, where the prompt disposition may be critical to the physical, mental and social well-being of the parties.

Our decision today reflects the policy of law which abhors "piecemeal determinations and the consequent protraction of litigation." *Sullivan v. Philadelphia,* 378 Pa. 648, 649, 107 A.2d 854, 855 (1954). *See also Marino Estate,* 440 Pa. 492, 494, 269 A.2d 645, 646 (1970). The avoidance of unduly protracted divorce proceedings is consistent with the legislature's intent to mitigate harm to the spouses and their children during this emotionally taxing experience. 23 P.S. § 102(4) (Supp.1985).

*Fried v. Fried, supra* 509 Pa. at 97, 501 A.2d at 215.

By its nature, divorce is an action that has a unique impact upon the lives of the parties to that action as well as the lives of those who will be unalterably affected by the outcome. *See generally,* Weitzman, *The Divorce Revolution* 37–41 (1985); Kaslow, *Stages of Divorce: A Psychological Perspective,* 25 Vill.L.Rev. 718, 726 (1979–1980). The views expressed herein are unquestionably consistent with the expressed intent of the Code. The prompt judicial resolution of these issues focusses "primary consideration [upon] the welfare of the family rather than the vindication of private rights ...", 23 P.S. § 102(a)(3); assists in mitigating "the harm to the spouses and their children ...", 23 P.S. § 102(a)(4), and makes "the law for legal dissolution of marriage effective for dealing with the realities of [the] matrimonial experience", 23 P.S. § 102(a)(1). The wife, in

34 instituting the action for divorce under § 201(d) concedes that the marriage was irretrievably broken and was attempting to terminate it. The putative husband who denies that a marriage ever existed was obviously not concerned with perpetuating such a relationship. His interest was directed to the consequences that may flow from a finding of a valid marriage upon the distribution of the property and the assessment of alimony. If, at the conclusion of the proceedings below it is subsequently determined on appeal that there was in fact never a valid marriage, the financial arrangements can then be adjusted. In the interim, no harm can accrue to Mr. Wall from the determination of a relationship he has contended throughout did not exist. Thus Mr. Wall cannot establish that the claimed right will be irreparably lost if review is postponed until final judgment, as is required by *Cohen v. Beneficial Industrial Loan Corp., supra.* These controversies undermine the financial as well as emotional stability of those involved in the family unit. The practical effect of a prompt judicial resolution of all of the interrelated issues is to allow the parties to move on with their lives guided by a legal determination of their relative rights and responsibilities.[2]

Accordingly, the order of the Superior Court is affirmed and the appeal is quashed.

HUTCHINSON, former J., did not participate in the consideration or decision of this case.

ZAPPALA, J., files a dissenting opinion.

ZAPPALA, Justice, dissenting.

I must dissent from the majority's holding that the Appellant's appeal from the trial court's finding that a valid common-law marriage existed between the parties is prema-

2. One of the purposes of the Divorce Code is to consolidate all legal matters between the parties into one proceeding. The language of the Code itself, 23 P.S. § 301; comments to the proposed divorce code, *Joint State Government Commission Report, June 1961, Proposed Divorce Code for Pennsylvania, § 402 Comment;* and the legislative history of the enactment, 1977 Pa.Legis.J.-House 1825R–1826L, make this clear. *See* Rounick, *Pennsylvania Matrimonial Practice*, Vol. 1, § 13–4.

ture. I would hold the trial court's holding was a final determination as to the validity of the marriage and was immediately appealable.

The majority's conclusion rests solely upon the nature of the action which initiated the dispute between the parties as to the existence of a marriage. Citing § 206 of the Divorce Code, 23 P.S. § 206, the majority concedes that a declaration as to the validity of a marriage would be final and reviewable if the action was initially brought as a declaratory judgment action. Nevertheless, the majority disregards the fact that the trial court has entered a declaration as to the validity of the marriage in the instant case because the action originated as one in divorce. Although § 206 permits a party to bring an action for a declaratory judgment to determine the validity of a marriage, the statute does not preclude the issue from being raised in any other proceeding.

The majority's holding improperly premises the finality and appealability of an order relating to the validity of a marriage upon the nature of the proceeding, rather than its substantive effect. The effect of the trial court's order in this case is the same which results from one entered in a declaratory judgment action. The relief sought and obtained by the Appellant in the trial court is identical to that requested in a declaratory judgment action—a determination as to the marriage's validity. The majority would have the Appellant file an action separate from the divorce action originated by the Appellee to insure the finality of the judgment. The duplicative nature and unnecessary expense of such a proceeding are abhorrent to the concept of avoiding piecemeal litigation and increased litigation costs which the majority uses in an attempt to support its holding.

The majority views the trial court's order as a mere decision as to a particular legal issue without a final resolution of each of the Appellee's economic claims. But, the very rights and obligations created under the law from which the Appellee seeks to benefit necessarily arise out of and are attendant to the existence of a marital relationship. While the trial court's finding did not resolve the Appellee's

36

claims for divorce, alimony, and equitable distribution, it finally resolved the Appellant's contention that no marriage existed. If the Appellant's challenge would be sustained on appeal, then resolution of the Appellee's remaining claims would be unnecessary.

It is absurd to burden the Appellant with the expense of defending economic claims arising out of a relationship which may not exist. The policy concerns expressed in *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985) for the social and emotional well-being of the parties are not compelling when the existence of the marriage itself is challenged. Indeed, the prompt disposition of that issue is more critical to the parties' well-being for the existence of a marriage has its own grave legal and social consequences. *Fried* was based upon the presumption that the individuals are in fact spouses. In the instant case, no such presumption may be made. This is a crucial distinction which dictates a different result. I would not find *Fried* to be controlling, and note further that the concerns which I expressed in my dissent in that case are exacerbated by the extension of that analysis to the case before us.