**Cheryl D. Gaughan CAPLAN, Appellant,**

v.

**Richard L. CAPLAN, Appellee.**

Superior Court of Pennsylvania.

Filed May 28, 1998.

Albert Momjian, Philadelphia, for appellant.

Susan E. Grosh, Lancaster, for appellee.

Before DEL SOLE, MUSMANNO and ORIE MELVIN, JJ.

OPINION PER CURIAM.

This is an appeal from an order entered in the Court of Common Pleas of Lancaster County during the pendency of a divorce action. Husband seeks to quash the appeal as interlocutory. For the reasons set forth we agree, and quash the instant appeal.

The parties to this action are husband and wife. On May 17, 1994, wife filed an action in divorce. Disagreement arose over the actual date of the marriage. Mrs. Caplan claimed the parties had entered into a common law marriage in 1978, while husband contended that the marriage took place in a formal ceremony on April 14, 1992. Husband filed a petition pursuant to 23 Pa.C.S. § 3306 (Proceedings to determine marital status) to decide the issue, and the trial court determined that the parties have only been married since April 14, 1992. Wife filed this appeal.

Appellee has filed a motion to quash the appeal contending that the order establishing the date of the marriage as part of a divorce action is interlocutory and not a final order under Pa.R.A.P. 341 and is therefore not appealable. This matter is controlled by

the Supreme Court decision in *Wall v. Wall*, 517 Pa. 29, 534 A.2d 465 (1987). There the court held that a determination, pursuant to § 206 of the Divorce Code, (now 23 Pa.C.S. § 3306) that a marriage exists is not a final and appealable order when rendered as part of an action in divorce. In arriving at its decision the court held that:

> ... under the Uniform Declaratory Judgment Act, 42 Pa.C.S. § 7531 *et seq.*, it is provided that a declaration "shall have the force and effect of a final judgment or decree." 42 Pa.C.S. § 7532. While we agree that a declaration as to the validity of a marriage, pursuant to section 206 of the Code, would be final and thereby reviewable, this fact is of no comfort to the instant appellant. While the issue of the validity of the marriage could have been a subject for declaratory relief and thus reviewable, here it was merely one of the issues subsumed in the larger question before the trial court. The court's determination as to the validity of the marriage was merely its decision as to a particular legal issue without being a "final" resolution of the overlying claim or cause of action.

Plaintiff sued for a divorce and other relief. A condition precedent to a grant of the divorce was the finding of a valid marriage. However, finding a valid marriage did not resolve the plaintiff's cause of action for divorce, alimony and property distribution. The question of whether the declaration as to the validity of the marriage is a final order must thus be resolved in accordance with the standards and policies addressing interlocutory appeals. Viewing the issue in these terms ... the order [is] nonappealable.

*Id.* 534 A.2d at 466, 467

The court reinforced the policy that appeals from interim orders in divorce actions are generally prohibited.[1] *Fried v. Fried,*

1. There are several notable exceptions to this rule. In *McMahon v. McMahon,* 706 A.2d 350 (Pa.Super. 1998), this court permitted an appeal from an order of special relief directing the parties to sell marital property. The court relied upon the collateral order doctrine finding the property would be irrevocably lost. *Mormello v.*

*Mormello,* 452 Pa.Super. 590, 682 A.2d 824 (1996) allows appeals from orders upholding marital agreements if they place the defendant spouse out of court on his or her economic claims. *Hrinkevich v. Hrinkevich,* 450 Pa.Super. 405, 676 A.2d 237 (1996) holds that while spousal support orders are unappealable, child sup-

509 Pa. 89, 501 A.2d 211 (1985) (orders dealing with economic issues are interlocutory pending the entry of a final decree in divorce); *Leister v. Leister*, 453 Pa.Super. 576, 684 A.2d 192 (1996) (spousal support orders, when entered during divorce proceedings, are interlocutory and unappealable even if entered pursuant to separately filed complaint for support); *Shazes v. Baltuskonis*, 359 Pa.Super. 599, 519 A.2d 514 (1987) (orders dealing with special relief during the pendency of a divorce action are generally unappealable). In disallowing these appeals, the courts have reasoned that all economic matters may be dealt with in an appeal from a final order of equitable distribution, and any error can be corrected on appeal. The same is true of an order that establishes the existence or date of a marriage as part of a divorce or support action.

Accordingly, an order entered during an action in divorce pursuant to a petition for declaratory relief under 23 Pa.C.S. § 3306 is interlocutory and unappealable unless the order ends the litigation. Where the order determines that a marriage exists, but the case requires further action, no appeal is permitted.

Husband has requested an award of counsel fees pursuant to Pa.R.A.P. 2744, alleging the appeal to be frivolous and wife's actions to be dilatory, obdurate and vexatious. Having reviewed this matter, we conclude that the appeal was not frivolous, dilatory, obdurate or vexatious. Therefore, we will deny the request for counsel fees.

Appeal quashed. Request for counsel fees denied. Case remanded with directions. Jurisdiction relinquished.

port orders may be appealed prior to a final decree in divorce. *Curran v. Curran*, 446 Pa.Super. 633, 667 A.2d 1155 (1995), permits appeals from bifurcated decrees in divorce. None of these cases, however, is applicable to the present appeal.