Betty A. **MOSER**, Appellee

v.

Ronald **RENNINGER**, Sr., **Appellant.**

Superior Court of Pennsylvania.

Filed March 6, 2012.
Submitted Jan. 30, 2012.

157

Allan R. Kauffman, Reading, for appellant.

Jon P. Landis, Reading, for appellee.

BEFORE: STEVENS, P.J., PANELLA, J., and MUNDY, J.

OPINION BY STEVENS, P.J.:

Ronald R. Renninger, Sr. ("Husband") appeals from the May 13, 2011 order entered in the Court of Common Pleas of Berks County, which declared that a common law marriage existed between Husband and Betty A. Moser ("Wife"), thus denying Husband's petition for declaratory relief and permitting Wife to amend her complaint in divorce. Finding Husband's appeal is from a non-appealable interlocutory order, we quash this appeal.

The relevant facts and procedural history are as follows: On November 19, 2010, Wife filed a complaint in divorce alleging she and Husband were married on August 27, 1982, in Oley, Pennsylvania. On March 3, 2011, Wife filed a motion to amend her complaint in divorce indicating, *inter alia,* that the parties entered into a valid common law marriage. Wife clarified that,

although the parties began cohabitating in August of 1982, their common law marriage commenced on June 8, 1985, when the parties exchanged *verba in praesenti.*

On March 4, 2011, Husband filed a petition for declaratory relief seeking, *inter alia,* a declaration that no common law marriage existed between the parties. Wife filed an answer to Husband's petition for declaratory relief, and on May 12, 2011, the trial court held an evidentiary hearing. On May 13, 2011, the trial court filed an order ruling that "after hearing held on [Husband's] Action for Declaratory Relief, the Court finds the parties entered into a common law marriage on June 8, 1985. The parties are declared to be lawful Husband and Wife under Pennsylvania common law. It is further ordered that [Wife's] Motion to Amend Divorce Complaint is granted."

Thereafter, on June 3, 2011, Wife filed an amended complaint in divorce asserting the parties entered into a valid common law marriage on June 8, 1985, and the marriage is irretrievably broken. Wife sought equitable distribution, alimony, and alimony *pendente lite.* On Monday, June 13, 2011, Husband filed a notice of appeal from the trial court's May 13, 2011 order. On September 12, 2011, Wife filed a motion to quash Husband's appeal as interlocutory, and Husband filed an answer indicating, in relevant part, that "pursuant to the Declaratory Judgments Act 42 Pa. C.S.A. §§ 7531–7541, the Common Pleas Court's order ... has the force and effect of a final judgment or decree."

Preliminarily, we note that "where a decree in divorce has not been entered and ancillary claims remain unresolved, issues such as those seeking special relief, are interlocutory and unappealable." *Radakovich v. Radakovich,* 846 A.2d 709, 714 (Pa.Super.2004) (quotation, quotation

marks, and citation omitted). In the case *sub judice,* inasmuch as a divorce decree has not yet been entered, and economic claims remain pending, we find the trial court's May 13, 2011 order does not end the litigation. Therefore, the trial court's order finding that a marriage exists is an interlocutory, non-appealable order.[1] *See Caplan v. Caplan,* 713 A.2d 674 (Pa.Super.1998).

We specifically find unavailing Husband's contention that, "pursuant to the Declaratory Judgments Act 42 Pa. C.S.A. §§ 7531–7541, the Common Pleas Court's order ... has the force and effect of a final judgment or decree."

The Declaratory Judgments Act provides that

[c]ourts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa.C.S.A. § 7532.

Based upon this language, Husband suggests the trial court's May 13, 2011 order is a final order since it declared the existence of a common law marriage between the parties.

The problem with [Husband's] argument is that relief under the Declaratory Judgments Act is expressly limited in divorce cases. The Act provides no relief with respect to any '[a]ction wherein

a divorce or annulment of marriage is sought except as provided by 23 Pa. C.S.A. § 3306.' 42 Pa.C.S.A. § 7541(c)(1). Thus, relief is limited to the following situations:

When the validity of a marriage is denied or doubted, either or both of the parties to the marriage may bring an action for a declaratory judgment seeking a declaration of the validity or invalidity of the marriage and, upon proof of the validity or invalidity of the marriage, the marriage shall be declared valid or invalid by decree of the court and, unless reversed upon appeal, the declaration shall be conclusive upon all persons concerned.

23 Pa.C.S.A. § 3306.

*Kensey v. Kensey,* 877 A.2d 1284, 1287 (Pa.Super.2005) (italics added).

In *Wall v. Wall,* 517 Pa. 29, 534 A.2d 465 (1987), the Supreme Court examined § 206 of the Divorce Code, which is now numbered 23 Pa.C.S. § 3306, and held that the determination a valid marriage exists is not a final and appealable order when rendered as part of an action in divorce. In arriving at its decision, the Supreme Court held:

The above ... statutory language would suggest that an order in a proceeding brought under that section is a final one and therefore appealable. [The appellant] attempts to bolster this contention by noting that under the Uniform Declaratory Judgment Act, 42 Pa. C.S. § 7531 *et seq.,* it is provided that a declaration 'shall have the force and effect of a final judgment or decree.' 42 Pa.C.S.A. § 7532. While we agree that a declaration as to the validity of a

---

1. We note Husband has developed no argument that the appeal in the case *sub judice* is from an interlocutory order as of right (Pa. R.A.P. 311), a collateral order (Pa.R.A.P. 313), or an interlocutory order by permission (Pa. R.A.P. 312, 42 Pa.C.S.A. § 702(b)). *See Kensey v. Kensey,* 877 A.2d 1284 (Pa.Super.2005).

marriage, pursuant to section 206 of the Code, would be final and thereby reviewable, this fact is of no comfort to the instant appellant. While the issue of the validity of the marriage could have been a subject for declaratory relief and thus reviewable, here it was merely one of the issues subsumed in the larger question before the trial court. The court's determination as to the validity of the marriage was merely its decision as to a particular legal issue without being a 'final' resolution of the overlying claim or cause of action.

[The plaintiff] sued for a divorce and other relief. A condition precedent to a grant of the divorce was the finding of a valid marriage. However, finding a valid marriage did not resolve the plaintiff's cause of action for a divorce, alimony and property distribution. The question of whether the declaration as to the validity of the marriage is a final order must thus be resolved in accordance with the standards and policies addressing interlocutory appeals. Viewing the issue in these terms persuades us that the Superior Court correctly characterized the order as non-appealable.

*Wall,* 517 Pa. at 31–32, 534 A.2d at 466–67.

Subsequent to *Wall,* in *Caplan v. Caplan,* 713 A.2d 674 (Pa.Super.1998), a case directly on point to the one *sub judice,* this Court examined *Wall* and ultimately held that "an order entered during an action in divorce pursuant to a petition for declaratory relief under 23 Pa.C.S. § 3306 is interlocutory and unappealable unless the order ends the litigation. Where the order determines that a marriage exists, but the case requires further action, no appeal is [immediately] permitted." *Caplan,* 713 A.2d at 676. *Cf. Bell v. Ferraro,* 849 A.2d 1233 (Pa.Super.2004) (where the trial court finds no common law marriage exists, thus granting petition for declaratory relief under 23 Pa.C.S.A. § 3306, this Court will not quash appeal where effect of order is to put litigant out of court). In so holding, this Court reinforced the policy that interim orders in divorce actions are generally prohibited, and any error pertaining to the existence or date of a marriage as part of a divorce action may be corrected from a final order of equitable distribution. *Caplan, supra.*

Thus, in the case *sub judice,* in light of the aforementioned, we find Husband's appeal from the trial court's May 13, 2011 order, which declared the existence of a common law marriage between the parties[2] and permitted Wife to amend her complaint in divorce, is premature. Therefore, we grant Wife's motion and quash this appeal.

Appeal Quashed. Wife's Motion filed September 12, 2011 is granted. Jurisdiction relinquished.

---

**2.** We acknowledge that our legislature has amended the Domestic Relations Code, providing the following in 23 Pa.C.S.A. § 1103: "No common-law marriage contracted after January 1, 2005, shall be valid. Nothing in this part shall be deemed or taken to render any common-law marriage otherwise lawful and contracted on or before January 1, 2005, invalid." Here, Wife alleged the parties entered into a common-law marriage on June 8, 1985, and therefore, the plain language of the amended statute does not prohibit a lawful common-law marriage in the case *sub judice. See Perrotti v. Meredith,* 868 A.2d 1240 (Pa.Super.2005).