SUPERIOR COURT
OF THE
STATE OF DELAWARE

ABIGAIL M. LEGROW
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
TELEPHONE (302) 255-0669

November 18, 2020

Jeffrey S. Goddess, Esq.
Carmella P. Keener, Esq.
Cooch & Taylor, P.A.
The Nemours Building
1007 N. Orange Street, Suite 1120
Wilmington, DE 19801

Kevin J. Mangan, Esq.
Ericka F. Johnson, Esq.
Womble Bond Dickinson, LLP
1313 North Market Street, Suite 1200
Wilmington, DE 19801

RE:    ***Fortis Advisors, LLC v. Dematic Corporation***
       **C.A. No. N18C-12-104 AML (CCLD)**

Dear Counsel,

Presently pending before the Court are two discovery motions: Plaintiff's

Supplemental Motion for Sanctions (the "Sanctions Motion") and Defendant's

Motion for Protective Order and for Appointment of a Special Discovery Master.

The parties briefed the motions and presented oral argument on November 13, 2020.

In order to provide the parties a prompt decision, the following analysis recites only

the facts fundamental to the Court's decision.

**Factual Background**

Plaintiff Fortis Advisors, LLC ("Fortis") filed this breach of contract action

against Dematic Corporation ("Dematic") relating to earn-out provisions in the

parties' agreement and plan of merger (the "Merger Agreement"). Fortis is the seller representative for the former stockholders of Reddwerks Corporation, which merged with Dematic under the Merger Agreement. As part of the merger, Dematic acquired the rights to various Reddwerks products and paid Reddwerks' stockholders the "Aggregate Closing Consideration" for those rights. The parties also agreed that Reddwerks' former stockholders would be entitled to additional contingent consideration, specifically: (i) $10 million in Earn-Out Merger Consideration if the contractually defined "Order Intake Amount" achieved by Dematic and Reddwerks Dematic[1] during the Earn-Out Period was at least $48 million (the "Earn-Out Consideration"); and (ii) $3 million in Contingent Consideration if Reddwerks Dematic's Earn-Out Period EBITDA was at least $9.3 million (the "Contingent Consideration," and together with the Earn-Out Consideration, the "Additional Consideration").

Dematic filed a counterclaim seeking indemnification from Reddwerks' former stockholders relating to (i) costs Dematic incurred because one of Reddwerk's products allegedly was defective, and (ii) costs arising from an appraisal proceeding filed by Reddwerk's dissenting stockholders.

---

[1] Under the Merger Agreement, Dematic operated Reddwerks as a stand-alone entity during the Earn-Out Period. The parties refer to that entity as "Reddwerks Dematic."

During the course of this litigation, various discovery disputes have arisen between the parties. Fortis filed its first discovery motion in September 2019, seeking to compel Dematic's response to various interrogatories and document requests. By order dated October 17, 2019, the Court granted Fortis's motion in part and required Dematic to supplement its interrogatory responses and document production (the "October Order").[2] On March 12, 2020, Fortis filed a motion for sanctions, arguing Dematic had not fully complied with the October Order. Fortis also filed additional motions to compel relating to Dematic's responses to Fortis's third set of interrogatories and third requests for production. On the eve of a hearing on those motions, the parties entered a stipulation temporarily resolving their disputes. The Court entered that stipulation as an order on May 26, 2020 (the "May Order"). In the May Order, Dematic agreed to provide specific, supplemental discovery responses on or before June 30, 2020.[3] The parties agreed that Fortis could renew its motions if Dematic failed to comply with the May Order.

Despite complications associated with the pandemic, the parties continued conducting discovery through the summer, and Fortis noticed Dematic's 30(b)(6) deposition to obtain testimony about a host of topics. At Dematic's urging, Fortis agreed to go forward with the deposition despite its belief that Dematic had not yet

---

[2] D.I. 42.

[3] D.I. 75. Dematic also agreed to postpone a hearing on its pending motion for partial summary judgment until after the close of discovery.

satisfied the terms of the May Order. The parties negotiated the topics listed in the 30(b)(6) notice, and Dematic agreed to produce witnesses who could testify on the organization's behalf regarding those topics.[4] Dematic identified Matthew Carlson and Randy Carlson as the two witnesses who would testify on its behalf. Matthew Carlson was identified as the witness for topics 1-13, while Randy Carlson was identified as the witness for topics 14-17.

All the parties appeared for an in-person deposition on September 22, 2020 in Michigan. Dematic contends Matthew Carlson was not adequately prepared to testify on a number of topics for which he had been designated, particularly topic 6, which required testimony regarding all the contracts that were in force and effect during the Earn-Out Period and that resulted in the delivery of any "Company Product."[5] Once Carlson admitted that he was not prepared to testify about this topic, the parties agreed to suspend both Matthew Carlson's and Randy Carlson's depositions. Dematic agreed to pay "reasonable fees and expenses associated with [the] deposition," and the parties agreed to reconvene the deposition within two or three weeks with one or more witnesses prepared to testify about every topic in the notice.[6]

---

[4] *See* App. to Mot. for Sanctions, Ex. 7.
[5] *See id.* ¶2(c).
[6] Transcript of Deposition of Matthew Carlson at 76-78 (hereinafter "Carlson dep."), App. to Mot. for Sanctions, Ex. 7.

The parties ultimately were unable to reach an agreement about the amount of fees and expenses Dematic would pay, and the two pending discovery motions were filed on October 16, 2020. In the Sanctions Motion, Fortis argues the Court should sanction Dematic for its failure to provide complete responses to written discovery and failure to produce a properly prepared 30(b)(6) witness. Fortis seeks an order creating four rebuttable presumptions in its favor. Those presumptions effectively would shift to Dematic the burden of proving that the Additional Consideration was not earned, as well as the burden of proving that the costs of the allegedly defective product and the appraisal claim should be shifted to Reddwerk's former stockholders.

### Analysis

The Court's rules give it authority to issue orders (1) compelling discovery, (2) protecting a party from discovery that is burdensome, embarrassing, or oppressive, and (3) sanctioning a party that fails to comply with a previous discovery order.[7] The Court enjoys broad discretion to fashion relief appropriate to the case and the parties' conduct.[8]

---

[7] Del. Super. Ct. Civ. R. 26(c), 37(a)-(b).

[8] *Fish Eng'g Corp. v. Hutchinson*, 162 A.2d 722, 725 (Del. 1960); *Delucia v. Great Stuff, Inc.*, 2014 WL 7956351, at *2 (Del. Super. Oct. 14, 2014).

### A. Plaintiff's request for entry of rebuttable presumptions in its favor is denied without prejudice.

Fortis contends Dematic's failure to provide complete responses to written discovery despite the October Order and the May Order and failure to produce an adequately prepared 30(b)(6) witness support a sanctions order. Fortis argues several of Dematic's interrogatory responses are incomplete, and it has not produced all the contracts or agreements that it agreed to produce in response to the Court's two previous orders.[9] As to the 30(b)(6) deposition, Fortis argues Dematic failed to prepare its witness to testify regarding several topics, thereby costing Fortis substantial time and expenses and further delaying discovery.[10]

Plaintiff urges the Court to adopt the following four presumptions:

(1) It is presumed that the Order Intake Amount achieved by Reddwerks Dematic and/or Dematic during the Earn-Out Period was greater than or equal to $48,000,000.
(2) It is presumed that the Earn-Out Period EBITDA for Reddwerks Dematic during the Earn-Out Period was greater than or equal to $9,300,000.
(3) It is presumed that (i) none of the Company Products were defectively designed, defectively manufactured, and/or defectively installed; and (ii) none of the Company Products caused any Loss or damage to Dematic.
(4) It is presumed that the amounts paid by Dematic to defend and settle the Appraisal Rights claim filed by dissenting shareholders were not reasonable.[11]

Fortis contends these presumptions would incentivize Dematic immediately to produce all relevant evidence and allow Fortis to proceed toward trial knowing its

---

[9] *See* App. to Pl.'s Mot. for Sanctions, Ex. 2.
[10] *See id.* Ex. 7.
[11] Pl.'s Mot. for Sanctions 6.

ability to present its case will not be affected if Dematic fails to produce the discovery at issue.[12] Dematic, on the other hand, argues sanctions are not appropriate because (i) Dematic has responded to all the discovery requests, and (ii) Fortis chose to terminate the 30(b)(6) deposition without taking discovery on any of the topics for which the witnesses were prepared to testify.[13]

Superior Court Civil Rule 37(b) offers a menu of different sanctions when a party fails to comply with a previously issued discovery order. Those sanctions may include orders establishing certain facts as true, refusing to allow a party to present certain evidence, or striking particular pleadings.[14] In egregious cases, the Court even may enter default judgment against the disobedient party.[15] But, any sanction must be "just and reasonable"[16] and must be tailored to the disobedient party's degree of culpability and the prejudice the complaining party suffered.[17]

Here, the record does not yet support imposition of one or more rebuttable presumptions. It is plain that Dematic failed to produce a 30(b)(6) witness prepared to testify as to all noticed topics, but that failure does not appear to be intentional,

---

[12] *Id.*

[13] Def.'s Response to Mot. for Sanctions 1-2. Dematic also argues sanctions are not appropriate because Fortis is withholding discoverable information within the possession of the former stockholders it represents and is seeking discovery that is not relevant to the pending action. These arguments wholly are irrelevant to whether Dematic has complied with its discovery obligations under the Court's previous orders.

[14] Super. Ct. R. 37(b)(2).

[15] Super. Ct. R. 37(b)(2)(C).

[16] *Gallagher v. Long*, 2007 WL 3262150, at *2 (Del. Nov. 6, 2007).

[17] *Beard Research, Inc. v. Kates*, 981 A.2d 1175, 1189 (Del. Ch. 2009).

and the sanctions set forth in Section B below adequately address the prejudice to Fortis. As to Dematic's alleged failure to respond to written discovery, the Court does not have sufficient information before it to evaluate the scope of Dematic's failures, its state of mind, or the degree of prejudice Fortis has or will suffered. At the present time, the sanctions set forth below will both remedy the apparent prejudice and provide the parties and the Court further information regarding the scope of the missing discovery (if any). If the record supports it, Fortis may renew its request for additional sanctions once discovery has concluded.

### B. Alternative, tailored sanctions are appropriate.

Although the current record does not support entry of the presumptions Fortis seeks, the record does establish that Dematic failed to produce a satisfactory 30(b)(6) witness, and that other, targeted discovery materials must be produced. Discovery is intended to advance issue formulation, assist in fact revelation, and reduce the risk of surprise at trial.[18] The discovery rules demand candor and fair-dealing.[19]

Delaware law is clear regarding a party's obligation to produce a witness for a 30(b)(6) deposition. When a party notices a 30(b)(6) deposition,

> the organization has an obligation to ensure, through the testimony of one witness or multiple witnesses, that the party taking the deposition receives complete responses, based on the organization's full knowledge and any relevant information readily available to it, to

---

[18] *Terramar Retail Centers, LLC v. Marion #2-Seaport Trust U/A/D June 21, 2002*, 2018 WL 6331622, at *9 (Dec. 4, 2018).
[19] *Id.*

questions related to all the matters set forth with particularity for examination in the [notice] . . . .[20]

The deposition is not limited to the witness's personal knowledge, but rather must be based on the organization's full knowledge and the information readily available to it.[21] Accordingly, the organization must ensure that the witness's knowledge "encompasses what the organization knows or can reasonably determine through relevant information readily available to the organization."[22] That obligation may include, if necessary, preparing the witness to testify based on the organization's complete knowledge.[23]

Dematic concedes that Matthew Carlson admitted he was not prepared to testify as to Dematic's knowledge on topic 6, which required testimony regarding "each and every Dematic contract that was in force and effect at any time during the Earn-Out Period and that resulted in delivery (whether during the Earn-Out Period or after the Earn-Out Period) of any Company Product."[24] Carlson admitted that, although he was not prepared to testify to Dematic's knowledge, it would be possible for a witness to review Dematic's available records and then testify on the organization's behalf.[25] The record also establishes that Matthew Carlson was not

---

[20] *Fitzgerald v. Cantor*, 1999 WL 252748, at *2 (Del. Ch. Apr. 5, 1999).
[21] *Id.*
[22] *Id.*
[23] *Id.* at *3.
[24] Def.'s Response to Pl.'s Mot. for Sanctions 4-5.
[25] Carlson dep. at 66-67.

adequately prepared to testify regarding at least two other topics: (a) Topic 3, which required testimony regarding "Dematic's order intake process for Company Products sold by Dematic";[26] and (b) Topic 5, which required testimony regarding "Dematic's customary practice regarding the installation of current version operating software under contracts originally executed before that version of the operating software [was] available."[27] Dematic therefore did not meet its obligations under Rule 30(b)(6). Consistent with its previous agreement, from which it has since retreated, Dematic must produce one or more witnesses properly prepared to testify regarding all the noticed topics and must pay Fortis's reasonable attorneys' fees and expenses for the previous deposition. The fees Fortis incurred for its two attorneys who worked on the deposition were reasonable and shall be reimbursed, along with any associated costs.[28] Moreover, Dematic shall pay the costs Fortis incurred to prosecute the Supplemental Motion for Sanctions and to defend Dematic's Motion for Protective Order and for Appointment of a Special Discovery Master.[29]

As to the discovery that Dematic purportedly has not produced, the scope of the missing or late production is unclear, as explained above. It became apparent during oral argument that, at a minimum, Dematic has not produced for inspection

---

[26] *Id.* at 43-45. *See* App. to Pl.'s Mot. for Sanctions, Ex. 4, p.7.

[27] Carlson dep. at 57, 60-61. *See* App. to Pl.'s Mot. for Sanctions, Ex. 4, p.8.

[28] *See* Pl.'s Reply to Mot. for Sanctions, Ex. 1. To be clear, that includes Mr. Pullara's time and Mr. Atterbury's time at the rates they typically bill.

[29] *See* Super. Ct. Civ. R. 37(a)(4).

the materials associated with its counterclaim relating to the allegedly defective product. Moreover, it appears Dematic narrowly is defining the documents it is producing by limiting production to those contracts that Dematic concedes incorporated Reddwerks' products, rather than all contracts that incorporated the same functionality as Reddwerks' products. But, Dematic incorporated Reddwerks' software in various ways, and apparently sold products after the merger with functionality identical to the functionality Reddwerk's products offered. Under the circumstances of this case, it is reasonable to require Dematic to produce the contracts and "as-installed records" for *all* contracts in effect during the Earn-Out Period that involved the sale of products with the same functionality as Reddwerks' products. This will allow Reddwerks to explore whether those products did, in fact, incorporate Reddwerks' software.

That additional production, combined with the 30(b)(6) depositions Fortis shortly will take, should allow it to assess the scope of any continuing discovery failures. If necessary, Fortis may add topics to the 30(b)(6) notice to further address its discovery concerns. At this stage, a deposition probably is the most efficient way to explore whether and to what extent there are gaps in Dematic's production. The Court anticipates Dematic will accommodate those additional topics in an effort to demonstrate that it has, in fact, fully complied with its discovery obligations.

### C. Defendant's motion is denied.

Finally, Dematic seeks a protective order precluding Fortis from pursuing discovery in areas that Dematic contends are not relevant to this action, namely discovery related to (1) the "strategy, operations, and methods" Dematic used during the Earn-Out Period, and (2) "understandings, agreements, or representations" Dematic made before the merger closed.[30] Dematic contends Fortis has propounded excessive and burdensome discovery requests that seek information that is not relevant to its breach of contract claim. Dematic reasons the Merger Agreement is unambiguous, represents the parties' complete agreement, and bars recovery based on the strategy, operations, or methods Dematic used after closing. But, Dematic has not identified any particular discovery requests to which its motion relates and, more importantly, has not identified a single discovery request to which it has not already agreed (and been ordered) to respond. It comes with ill-grace to complain about discovery to which Dematic is required by court order to respond. No protective order is warranted.

As to Dematic's request for appointment of a special discovery master, the Court does not believe the use of a master would be efficient or fair to the parties at this stage of the proceedings. First, the only discovery dispute that remains open after this ruling is whether Dematic's responses to written discovery are complete.

---

[30] Def.'s Mot. for Protective Order ¶¶ 1, 11-12.

That issue already is the subject of two court orders. The Court actively has been involved in the discovery to date and has endeavored to provide the parties with prompt hearings and resolution on any motions presented to the Court. The Court is in the best position to resolve any further disputes regarding its own orders, particularly disputes that arise in response to this decision. Although discovery masters can be helpful to both the parties and the Court when appropriately utilized, requiring the parties to turn to a discovery master at this late stage would be counterproductive.

### Conclusion

For the foregoing reasons, Fortis's Supplemental Motion for Sanctions is **GRANTED IN PART**, and Dematic's Motion for a Protective Order and for Appointment of a Special Discovery Master is **DENIED.  IT IS SO ORDERED.**

Sincerely,

Abigail M. LeGrow, Judge